IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KATHY WHITE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 3:12-0183 |
| | ) | Judge Trauger |
| (THE) GAP, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The plaintiff has filed a Motion to Remand to State Court (Docket No. 7), to which the defendant has responded in opposition (Docket No. 10). The defendant removed this case from the Circuit Court for Sumner County, Tennessee based upon diversity jurisdiction. The plaintiff does not challenge that there is diversity between the parties. Instead, the plaintiff argues that a cause of action for retaliation for filing a worker's compensation claim "arises under the workmen's compensation laws" of the State of Tennessee and, therefore, the action is not removable under 28 U.S.C.§ 1445 (c).

The plaintiff relies upon a decision issued by Chief Judge Campbell in May of 2010, holding that a retaliation claim such as this does arise under the worker's compensation laws of Tennessee and, therefore, is not removable. *See Brown v. FedEx Freight, Inc.*, 2010 WL 1963385 (M.D. Tenn. May 17, 2010). With all due respect, this court cannot agree with Judge Campbell's ruling, given Sixth Circuit authority to the contrary. In *Harper v. AutoAlliance International*, the Sixth Circuit stated that a case "arises under" worker's compensation law only when the worker's compensation law created the cause of action, or when the plaintiff's "right to relief necessarily depends on resolution of a substantial question of workmen's compensation

law". 392 F.3rd 195, 203 (6th Circuit 2004). *See also Nixon v. Waste Management, Inc.*, 156 Fed. Appx.784, 785 (6th Cir. Nov.21, 2005).

Retaliatory discharge for filing a worker's compensation claim is a "common law tort" created by the Supreme Court of Tennessee in *Clanton v. Cain-Sloan Co.*, 677 S.W. 2d 441, 445, (Tenn. 1984). *See Hodges v. S.C. Toof & Co.*, 833 S.W.2nd 896, 899 (Tenn. 1992). Therefore, because this retaliation cause of action was not "created" under worker's compensation law, it would only not be removable if the plaintiff's right to relief necessarily depends on resolution of a substantial question of worker's compensation law. The plaintiff's claim does not. The Complaint simply alleges that the plaintiff was "terminated in direct *retaliation* for making a worker's compensation claim." (Docket No. 1, attach., Compl. at ¶15 (emphasis in original). The court need not, in this circumstance, resolve any questions, substantial or insubstantial, of worker's compensation law. Therefore, 28 U.S.C. § 1445 (c) does not forbid removal of this case from state court.

For the reasons expressed herein, this case was properly removed to this court, and the plaintiff's Motion to Remand to State Court (Docket No. 7) is **DENIED**.

ENTER this 27th day of March, 2012.

_____
ALETA A. TRAUGER
U.S. District Judge